The opinion of the court was delivered by
Tilghman, C. J.
John Moore, the plaintiff below, in this ejectment, claimed the land in dispute under a sheriff’s sale, by virtue of a judgment and execution for John Field, against Alex» *279 ander and Thomas Buchanan. Seven bills of exceptions to evidence were taken by the defendant’s counsel, in the course of the trial.
1st and 2d. The two first bills of exceptions depend on the same principle. It was proved, that search had been made in the prothonotary’s office, for several judicial writs, necessary to the completion of the plaintiff’s title, and that they were not to be found. It was proved also, that these writs were once in existence, and the plaintiff then offered in evidence the docket of the Court of Common Pleas, by the entries in which it appeared, that such writs had issued and been returned. This evidence was objected to by the defendants’ counsel, and admitted by the court. I have no doubt, that the docket entries were evidence. The best evidence would have been the writs themselves, returned by the sheriff. But we know too well, by sad experience, that the loss of writs, after they are returned, is no uncommon thing. In such cases, the law admits secondary evidence, and surely the docket entries may be received as such. They are, in their nature, more to be relied on, than the memory of any man. And although they are but short minutes, yet they contain the substance of the transaction. When it is said, in a few abbreviated words, that a fieri facias or venditioni exponas issued to a certain term, and that the sheriff returned, levied on certain lands, inquest held, and condemned, and lands sold for g certain price, to a certain persqn, we understand the whole matter as perfectly as if the writs and returns had been recited .at large, And these entries having been made by a confidential officer, in a public book, preserved gmong the records of the court, it cannot be denied that they are entitled to great weight: Indeed, they have been frequently admitted as evidence, in eases of this kind, and there can be no reason for questioning the propriety of the practice.
3, 4. The 3d and 4th exceptions are in many respects of the same nature and may be considered together. It may appear strange, but so it is, that the only matter in dispute was, what was the land sold by the sheriff to the plaintiff. It was described in Very vague terms, “200 acres of arable land more or less, in Newton township, bounded by lands in possession of Thomas and John Russel, with a saw mill thereon.” Now the fact was that Buchanan, had adjoining lands, which originally were two different tracts, but as the plaintiff alleges, had been long considered and held as one tract, and the question was, whether both were sold, or only one. In order to prove that the sale was of both, the plaintiff offered the depositions of George Stroop, whose evidence tended to show, from a conversation between him and Thomas Buchanan, one of the defendants, that the said Buchanan, understood the sale to be of both tracts. The plaintiff offered to prove also, by James Lamberton, that at the time of sale, Thomas Buchanan, publicly spoke of the quantity of land then exposed to sale, as be *280 ing more than was contained in either of the tracts taken separately. To all this evidence the counsel for the defendant objected, but the court admitted it. This evidence does not appear to be at all inconsistent with the deed. It proved the impression of the defendant that the tract of land described by the sheriff, as 200 acres more or less, was considerably more than 200 acres. This might assist the jury in identifying the land. When they once made up their minds on the question, whether the two tracts were considered as one, the rest would be very easy, because the lines of each tract were known. Although the description in the sherifFs deed was vague, it was not so much so, as to be void, for uncertainty. And in construing that deed, it was proper and indeed necessary to inquire by evidence dehors, whether Mr. Buchanan’s land had been generally considered and spoken of as only one tract, or as two. His own understanding on that point was certainly important, and I cannot see why the evidence should not have been admitted. It was urged as one reason against the evidence, that Mr. Buchanan had been discharged by the insolvent act, and assigned all his property for the benefit of his creditors, and therefore his confession ought not to prejudice his creditors who were the persons most interested in this suit. But to this it was answered, that the assignment in trust for the creditors, though made a long time ago, (not less than 20 years) had never been acted on. The assignees never accepted the trust, and Mr. Buchanan, had always retained the possession of the land. Considering these circumstances and moreover, that Mr. Buchanan was the only person who has conducted the defence in this suit, without an interference on the part of his creditors, I think that his confessions were evidence against himself, and that his creditors ought not to be regarded. It may be, (and the conduct of the creditors gives countenance to the supposition) that he has made some arrangement, by which he is to retain his right to the land now in dispute, and in that case, although he assigned for the'benefit of his creditors, these would be a resulting trust, quoad hoc for his own benefit. But there was a part of George Siroop’s deposition to which there was a special objection, on a ground not yet touched. Stroop swore, that Thomas Buchanan told him the lands were not properly described in the advertisement of sale, and that at some other time he would give him a proper description. That accordingly, Buchanan called on him some time afterwards, “ with a small paper containing a description of his lands advertised for sale, in which the saw mill tract was described, as containing upwards of 300 acres.” The objection to this part of the deposition was that the description being in writing, parol evidence of its contents was not admissible-without notice having been given to Buchanan, to produce it. The objection was good. The parol evidence ought not to have been received. The very same point was decided in the case of Freeman (in error) v. Pennock’s Administrators, (Lancaster, May, *281 1821,) not yet reported. Until Buchanan refused or neglected, to produce the paper alluded to, on notice, the evidence of Stroop, was not the best which the nature of the case admitted of. In the admission of this part of the deposition there was error.
5th. After the levy was made on Buchanan’s property, and before the sale, while he remained in possession of it, he made a return to the assessor, in which these two tracts were described as one. The plaintiff offered this return in evidence, and the court admitted it, to which the defendants excepted. I think it was good evidence, on the same principle that the confessions of Buchanan, mentioned in the 8d and 4th exceptions were evidence, on which I have before expressed my opinion.
6th. The 6th exception was to part of the testimony of Matthew Woodburn, a witness for the defendants which the court rejected; Woodburn was describing the boundaries of the defendants’ land, and mentioned a certain line as having been shown to him by William Bppleby, who was living at the time of the trial. The rule is, that in cases of boundary, the declarations of deceased persons are evidence; The law on this subject is accurately stated in 1 Phill. Evid. 182, (New York, Ed. by Dunlap,) where the general rule is given with the exceptions, and in page Í64, after citing a variety of cases, it is said, that “in all the cases which have been mentioned on this subject, the person who made the declaration was deceased at the time of the trial.” And there is great reason for the law being so held — why should the declarations without oath, of a person who maj’ be produced, and examined on oath, be evidence? why should the party against whom the evidence is offered, be deprived of the opportunity of cross-examining the witness? In case of death there is a necessity. But while the witness is living, there is no pretence for dispensing with the general rule, which rejects all testimony except on oath, and in the presence of the parties to the suit. I am of opinion therefore, that there was no error in the rejection of this evidence.
7th. The 7th and last exception, was to the rejection of the evidence offered by the defendants of the annual value of the land sold by the sheriff to the plaintiff. I do not think that this evidence was proper. The question was, whether the sheriff sold the land claimed in this suit. Its annual value was immaterial. The evidence might have led the jury astray from the true point of inquiry. It might perhaps have had some influence on their finding, in a doubtful case. They might have leaned against the plaintiff, because he had got the worth of his money, though he lost the land in dispute. Upon the whole, I am of opinion that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded*